08-4868-ag
Zhu v. Holder

BIA
Balasquide, IJ
A 099 669 124

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand ten.

PRESENT:
>       ROBERT D. SACK,
>       REENA RAGGI,
>       GERARD E. LYNCH,
>          *Circuit Judges*.

_____

AI JUAN ZHU,
>       *Petitioner*,

>          v.                                    08-4868-ag
>                                                NAC

ERIC H. HOLDER, JR.,* U.S. ATTORNEY GENERAL,
>       *Respondent*.

_____

FOR PETITIONER:          Theodore N. Cox, New York, New York.

_____

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:        Michael F. Hertz, Acting Assistant
                       Attorney General, Mary Jane Candaux,
                       Assistant Director, Kathleen Kelly
                       Volkert, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ai Juan Zhu, a native and citizen of China, seeks review of a September 10, 2008 order of the BIA affirming the November 16, 2006 decision of Immigration Judge ("IJ") Javier Balasquide denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ai Juan Zhu*, No. A 099 669 124 (B.I.A. Sept. 10, 2008), *aff'g* No. A 099 669 124 (Immig. Ct. N.Y. City Nov. 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination, and, accordingly, his finding that Zhu failed to demonstrate that she suffered past persecution. Zhu does not directly challenge the IJ's finding of discrepancies in Zhu's testimony and written submissions regarding: (1) the date family planning officials notified her to report for a gynecological examination; (2) the date that an IUD was forcibly inserted; and (3) the date her home was demolished. Thus, Zhu has waived any challenge to those findings, *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005), and they stand as valid bases for the IJ's adverse credibility determination, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146-147 (2d Cir. 2008).

Further, although Zhu does challenge the IJ's finding that she was evasive in answering questions, that finding was reasonable. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d at 95. For example, while Zhu testified that her son was killed when family planning officials

3

demolished her home, she claimed that she could not remember whether she complained to the authorities about his death. To the extent Zhu offered an explanation for this discrepancy, a reasonable factfinder would not be compelled to credit it. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

We need not reach the IJ's remaining credibility findings, because, even if they were in error, remand would be futile given the unchallenged and non-erroneous findings discussed above. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006). Ultimately, substantial evidence supported the IJ's adverse credibility determination and, accordingly, his conclusion that Zhu did not suffer past persecution. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Absent past persecution, applicants may establish eligibility for asylum by showing that they subjectively fear persecution on account of an enumerated ground and that their fear is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). In this case, the IJ's determination that Zhu failed to demonstrate a

4

well-founded fear of persecution on account of the expected birth of her second child was supported by substantial evidence.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 174 (2d Cir. 2008) (upholding BIA's case-by-case framework for analyzing such claims).

Accordingly, the agency did not err in denying Zhu's application for asylum and withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  Zhu does not challenge the agency's denial of her application for CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk